# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL BARTLEY, *et al.*,<br><br>              Plaintiffs,<br><br>       v.<br><br>JAPAN PROCESSING SERVICE CO., LTD., *et al.*,<br><br>              Defendants. | Case No. 11-cv-2759-BAS(JLB)<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE** |

Despite several notices and hearings held for failure to prosecute, this case, filed five years ago, has failed to progress beyond the service-of-process stage. Hence, for the reasons discussed below, the Court exercises its inherent authority to **DISMISS WITHOUT PREJUDICE** Plaintiffs' action.

## I.   BACKGROUND

On November 29, 2011, Plaintiffs filed this Complaint against thirty-six Defendants asserting causes of action for breach of fiduciary duty, breach of the covenant of good faith and fair dealing, fraudulent misrepresentation, and civil

conspiracy. (ECF No. 1.) These claims stem from a joint-venture contract for exclusive services to be rendered by Plaintiffs to build a credit-card-processing platform for the use of all Defendants. (*Id.*)

On August 20, 2012, this Court held an Order to Show Cause hearing as to why the case should not be dismissed for want of prosecution pursuant to Federal Rule Civil Procedure 4(m). (ECF No. 3.) After several requests for continuances and some shuffling of attorneys, on October 13, 2013, Plaintiffs filed a status report indicating they were "actively seeking process on the Defendants." (ECF No. 13.) The Court rescheduled the Order to Show Cause hearing for March 17, 2014. (ECF No. 14.) On March 21, 2014, Plaintiffs filed another status report indicating they had served some of the Defendants and they were continuing their efforts to serve. (ECF No. 34.) They requested 60 days to serve the remaining defendants, which the Court granted. (*Id.*)

On May 21, 2014, Plaintiffs filed a Joint Motion to Dismiss two of the Defendants (Dream Get and Ozawa), which the Court granted. (ECF Nos. 67, 68.)

On February 10, 2015, the Court noticed Plaintiffs that it was once again setting the matter for an Order to Show Cause hearing on March 23, 2015, as to whether the case should be dismissed for want of prosecution pursuant to Civil Local Rule 41.1. (ECF No. 71.) Shortly thereafter, on March 20, 2015, Plaintiffs requested an entry of default against some of the Defendants. (ECF No. 72.) On March 23, 2015, at the Order to Show Cause hearing, Plaintiffs requested more time to file a Motion for Default Judgment, which the Court granted. (ECF No. 101.)

On June 23, 2015, the Court issued yet another notice of an Order to Show Cause hearing for failure to move for default judgment pursuant to Civil Local Rule 55.1, set for July 6, 2015. (ECF No. 102). On July 6, 2015, Plaintiffs asked for an additional 30 days to move for default judgment, which the Court granted. (ECF No. 104.)

On August 11, 2015, Plaintiffs did file a Motion for Default Judgment against

some of the Defendants and moved for dismissal with respect to the remaining, unserved, Defendants. (ECF No. 109.) On May 2, 2016, the Court denied without prejudice the Motion for Default Judgment. (ECF No. 110.) The Court explained that it had significant concerns about its ability to exercise personal jurisdiction over these foreign Defendants. However, the Court gave Plaintiffs leave to file a revised motion for Default Judgment, provided Plaintiffs did so no later than May 30, 2016. (*Id.*) The Court directed Plaintiffs to address the issue of personal jurisdiction in that revised motion. (*Id.*)

May 30, 2016 has come and gone without any response from Plaintiffs.

## II. ANALYSIS

"District courts have the inherent power to control their dockets and, '[i]n the exercise of that power, they may impose sanctions including, where appropriate … dismissal of a case.'" *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (quoting *Thompson v. Hous. Auth. of L.A.*, 782 F.2d 829, 831 (9th Cir.), *cert. denied,* 475 U.S. 829 (1986); *accord Link v. Wabash, R.R. Co.*, 370 U.S. 626, 630-31 (1962) (holding courts are vested with an inherent power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.") Although due process generally requires that the party have notice and the opportunity to be heard before dismissal, when a party may be said to have knowledge of the consequences of his failure to act, the court may dispense with the necessity for advance notice and a hearing. *Link*, 370 U.S. at 630-32. "Despite this authority, dismissal is a harsh penalty and, therefore, it should only be imposed in extreme circumstances." *Ferkid*, 963 F.2d at 1260.

"The circumstances in which a court may exercise its inherent power to dismiss an action include an action where a Plaintiff has failed to prosecute the case[.]" *Link*, 370 U.S. at 630. In determining whether to exercise this power, "the district court must weigh five factors, including: (1) the public's interest in

expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Ferdik*, 963 F.2d at 1260-61 (internal quotations omitted).

### A.   Public's Interest In Expeditious Resolution

"[T]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). This case has been pending for five years. The case has not even progressed beyond the service-of-process stage. Hence, the public's interest in expeditious resolution favors dismissal in this case.

### B.   Court's Need to Manage Its Docket

A district court is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest. *Ash v. Cuetkov*, 739 F.2d 493, 496 (9th Cir. 1984). In this case, the Court has held six hearings on the issue of the Plaintiffs' failure to prosecute, issued at least four Order to Show Cause notices, and given Plaintiffs every opportunity to file their motion for default judgment. The Court has reached the conclusion that it is more interested in seeing the case progress than Plaintiffs are. The Court's need to manage its docket favors dismissal.

### C.   Prejudice to the Defendants

Prejudice can be presumed from unreasonable delay. *In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994). The allegations in the complaint stem from actions allegedly taken in 2009. Memories have faded. Evidence may or may not exist. And yet Plaintiffs have not moved beyond the service-of-process stage. This prong favors dismissal.

### D. Public Policy

Public policy favors disposition of cases on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643. The Court recognizes that this factor weighs against dismissal.

### E. Availability of Less Drastic Alternatives

After multiple hearings and Orders to Show Cause, the Court concludes that less drastic alternatives do not exist. Although the Court recognizes that due process generally requires notice and an opportunity to be heard, the Court notes that it has previously held six hearings directing Plaintiffs to move the case forward. In the most recent order, the Court directed Plaintiffs, if they choose to file a Motion for Default Judgment, to do so no later than May 30, 2016. (ECF No. 110.) Plaintiffs failed to do so. Hence, the Court concludes Plaintiffs have lost interest in pursuing this case and less drastic alternatives do not exist.

## III. CONCLUSION & ORDER

The Court exercises its inherent power to dismiss this action for Plaintiffs' failure to prosecute. Hence, the case is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

DATED: June 15, 2016

Hon. Cynthia Bashant
United States District Judge